IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 JUN 13 PM 2:38
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

**EMIGDIO GUADALUPE OTERO-MENDEZ,**
Movant,

-vs-

**UNITED STATES OF AMERICA,**
Respondent.

Case No. A-14-CA-256-SS
[No. A-13-CR-037-SS]

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Movant Emigdio Guadalupe Otero-Mendez's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#31], and the Government's Response [#39]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders DENYING the motion.

### Background

On January 22, 2013, Otero-Mendez was charged in a one-count indictment with illegal reentry after removal from the United States, in violation of 8 U.S.C. § 1326. Otero-Mendez pleaded guilty to the offense charged without a plea agreement. This Court sentenced Otero-Mendez to a 46-month term of imprisonment, to be followed by a three-year term of supervised release, and ordered Otero-Mendez pay a mandatory $100 assessment fee. The sentence was ordered to run consecutively to Otero-Mendez's ten-month sentence for transporting illegal aliens entered in *United States v. Otero-Mendez*, No. 1:13-CR-047(1)-SS (W.D. Tex. Aug. 13, 2013), *aff'd*, No. 13-50464 (5th Cir. Jan. 2, 2014) (unpublished).

Otero-Mendez executed his § 2255 motion on March 5, 2014. Otero-Mendez raises the following grounds for relief: he received ineffective assistance of counsel because counsel (1) failed to advise him of his "Boykin trial rights"; (2) failed to object to an alleged finding in the presentence investigation report (PSR) that Otero-Mendez's prior removal had followed a conviction for an aggravated felony; (3) failed to challenge Otero-Mendez's prior removal on the grounds Otero-Mendez did not validly waive his rights to counsel and to appeal in the removal proceeding, thereby failing to ensure there existed an adequate factual basis for Otero-Mendez's guilty plea; and (4) failed to file a notice of appeal.

## Analysis

**I.    Section 2255—Legal Standard**

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the District Court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure; it cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). In addition, a defendant who raises a constitutional or

jurisdictional issue for the first time on collateral review must show both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Placente*, 81 F.3d at 558.

## II. Application

Otero-Mendez's grounds for relief all take issue with the performance of his court-appointed counsel. The United States Supreme Court's decision in *Strickland v. Washington* provides the familiar two-pronged test for establishing a claim of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984).

In evaluating counsel's performance, care must be taken to "eliminate the distorting effects of hindsight." *Id.* at 690. Accordingly, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* If counsel's performance is found to be deficient, it must also have prejudiced the result to afford any relief to the defendant. *Id.* at 691. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### A. *Boykin* Rights

Otero-Mendez contends his attorney failed to advise him of his "Boykin trial rights," and as a result his plea was not knowing or voluntary. In *Boykin v. Alabama*, 395 U.S. 238 (1969), the United States Supreme Court held it was error for a trial judge to accept a guilty plea "without an

affirmative showing that it was intelligent and voluntary." 395 U.S. at 242. The Court highlighted three rights in particular: (1) "the privilege against compulsory self-incrimination," (2) "the right to trial by jury," and (3) "the right to confront one's accusers." *Id.* at 243. Otero-Mendez's argument is that he apparently was not advised of these rights by his counsel prior to pleading guilty.

Setting aside whether *counsel* specifically advised Otero-Mendez of these rights, the record before the Court shows Otero-Mendez was advised in open court of these rights by the Magistrate Judge, and Otero-Mendez testified under oath he understood them. At the rearraignment hearing, the Magistrate Judge specifically informed Otero-Mendez (and his co-defendants) of each of these rights:

> Last issue that I need to discuss with you before actually taking your pleas this morning are the rights that you have, but the rights that you're going to be giving up, by pleading guilty. Each of you men has the continuing right to plead not guilty. You have the right to put the prosecution to their burden of proving beyond a reasonable doubt each and every element of the offense with which you've been charged. That will be done at a jury trial. [The Magistrate Judge then explained the basic concept of the jury trial.]
>
> Now, during that entire process, you would continue to be represented by the lawyer that's with you today. Your lawyer would be free to question, cross-examine, test[,] and challenge any evidence that the prosecution presented.
>
> Your lawyer could also call witnesses on your behalf, although you're not obligated to put on any evidence. It's the government's burden. One of the witnesses that your lawyer calls could be you. You could testify at your own trial if you want to, but importantly, you're not required to do that. If you decide not to testify at your own trial, nobody could make you. And that jury of twelve people that I described earlier, they would be specifically instructed that they could not hold the fact that you didn't testify against you in making a determination as to whether or not you are, in fact, guilty of the offense charged.

Gov't's Resp. [#39], Ex. A (Plea Tr.), at 23–24. Having so advised Otero-Mendez, the Magistrate Judge asked if Otero-Mendez understood those rights and still desired to plead guilty. *Id.* at 24. Otero-Mendez responded in the affirmative. *Id.* at 25.

The record thus establishes Otero-Mendez was fully and fairly advised of his constitutional rights before entering his guilty plea, and made the knowing and voluntary decision to waive those rights. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Even assuming counsel was deficient for failing to advise Otero-Mendez of his rights, Otero-Mendez cannot show he was prejudiced in light of his sworn testimony in open court indicating he understood his rights and wished to waive them and plead guilty.

**B.    PSR Finding**

Otero-Mendez argues his counsel failed to object to a finding in the PSR that Otero-Mendez had been previously removed following an "aggravated felony." The weakness in Otero-Mendez's argument is that the PSR did not find Otero-Mendez's prior removal followed an aggravated felony; it found the removal had followed a conviction for "an alien smuggling offense." PSR ¶ 14. A removal following a conviction for an alien smuggling offense requires the defendant's offense level to be increased by twelve or sixteen levels, depending on the circumstances of the conviction. U.S.S.G. § 2L1.2(b)(1)(A)(vii). An alien smuggling offense is defined by reference to 8 U.S.C. § 1101(a)(43)(N). *See id.*, application note 1(B)(i). The referenced statute states a violation of 8 U.S.C. § 1324(a)(1)(A) is an alien smuggling offense. Otero-Mendez's prior removal followed a conviction for violating 8 U.S.C. § 1324(a)(1)(A). Gov't's Resp. [#39], Ex. B (Judgment in *United*

*States v. Otero-Mendez*, No. SA-12-CR-115(1) OLG (W.D. Tex. July 19, 2012)). Because the PSR correctly calculated Otero-Mendez's offense level based on Otero-Mendez's prior removal following a conviction for an alien smuggling offense, counsel's failure to object to the PSR was neither deficient nor prejudicial. *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("This Court has made clear that counsel is not required to make futile motions or objections.").

C.     **Factual Basis**

Otero-Mendez contends he was not informed in Spanish of his right to counsel or his right to appeal during his prior removal proceeding. He argues his counsel in this case rendered ineffective assistance by not mounting what in essence would have been a collateral attack on Otero-Mendez's prior removal in an effort to prevent an adequate factual basis for the § 1326 charge from existing. *See United States v. Mendoza-Lopez*, 481 U.S. 828, 839 (1987) (recognizing "a collateral challenge to the use of a deportation proceeding as an element of a criminal offense must be permitted where the deportation proceeding effectively eliminates the right of the alien to obtain judicial review"); *United States v. Lopez-Ortiz*, 313 F.3d 225, 229 (5th Cir. 2002) (to successfully challenge a prior removal order under *Mendoza-Lopez*, a defendant must show "(1) the removal hearing was fundamentally unfair; (2) the hearing effectively eliminated the right of the alien to challenge the hearing by means of judicial review of the order; and (3) the procedural deficiencies caused the alien actual prejudice").

With respect to either right referenced by Otero-Mendez, the ultimate question is whether the failure to inform the potential deportee of that right amounted to a violation of due process. *See Mendoza-Lopez*, 481 U.S. at 840 (appeal waivers which were "not considered or intelligent" violated due process); *United States v. Campos-Asencio*, 822 F.3d 506, 509 (5th Cir. 1987) (although

"potential deportees have no sixth amendment right to counsel," they may have such a right "if the absence of counsel would violate due process under the fifth amendment"). In order to prevail on a due process challenge, "an alien must make an initial showing of substantial prejudice." *De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004) (internal quotation marks omitted); *see also Lopez-Ortiz*, 313 F.3d at 229 (showing of "actual prejudice" required to challenge prior removal order). Otero-Mendez makes no effort to show prejudice in this case. He does not argue he was prejudiced in the prior removal proceeding, nor provide any basis for believing he would not have been deported following his conviction for an alien smuggling offense had he been informed of his right to counsel or his right to appeal. Because Otero-Mendez has provided no factual basis establishing any merit to a collateral attack on his prior removal order, counsel's failure to launch such an attack in this case was neither deficient nor prejudicial.

### D. Notice of Appeal

Otero-Mendez argues his counsel failed to file a timely notice of appeal. The failure of counsel to timely file a notice of appeal requested by the defendant may amount to ineffective assistance of counsel if the defendant can show a "reasonable probability" he would have appealed "but for" counsel's deficient performance. *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77, 484 (2000). In his motion, Otero-Mendez does not claim he actually instructed his counsel to file a notice of appeal; his claim is merely that counsel failed to file a notice of appeal. Otero-Mendez provides no factual basis for believing counsel would have thought Otero-Mendez might want to appeal following a guilty plea and a sentence at the minimum duration set by the guidelines. *See id.* at 480 (counsel's duty to consult with defendant about appeal arises only when counsel has reason to think "either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant

reasonably demonstrated to counsel that he was interested in appealing"). Otero-Mendez does not allege counsel refused to file the notice of appeal. Otero-Mendez does not identify a single argument he might have raised on appeal, or otherwise suggest there is any reason to believe he would have appealed but for counsel's alleged failure. The Court finds Otero-Mendez's conclusory allegations wholly insufficient to show either deficient performance or prejudice under *Strickland*.

## Conclusion

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Otero-Mendez's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Thus, a certificate of appealability shall not be issued.

Accordingly,

IT IS ORDERED that Movant Emigdio Guadalupe Otero-Mendez's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [#31] is DENIED;

IT IS FINALLY ORDERED that a certificate of appealability is DENIED.

SIGNED this the 13th day of June 2014.

_____
SAM SPARKS
UNITED STATES DISTRICT JUDGE